# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL DOCKET NO.: 5:09CV131-V

| | |
|---|---|
| **MICHAEL H. ROBINSON,** ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Memorandum and Order |
| ) | |
| **IREDELL COUNTY SHERIFF'S** ) | |
| **OFFICE / DEPARTMENT,** ) | |
| **Defendant.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the motion of the Iredell County Sheriff's Department, originally identified by the *Pro Se* Plaintiff as the Iredell County Sheriff's Office.[1] (Documents ##10-12) For convenience, the undersigned will refer to the Defendant-Entity as "Iredell County."

## I.

Plaintiff Michael H. Robinson ("Robinson") is a former employee of the Iredell County Sheriff's Department. Robinson began his employment with Iredell County in June 2007.

Robinson was accused of making inappropriate sexual comments to three (3) different female co-workers. (Redmond Aff. ¶4; Attached Personnel Records) Robinson was terminated on February 13, 2008.

---

[1] As counsel for Iredell County suggests, the individual elected Sheriff is the proper defendant. *See* N.C. GEN. STAT. §162-1 (2000); Landry v. State of North Carolina, et al., 3:10CV585 (W.D.N.C. Documents #44,#52) (dismissing claims against the Mecklenburg County Sheriff's Department and Mecklenburg County) (*citing* Little v. Smith, 114 F.Supp.2d 437, 446 (W.D.N.C.2000); N.C. GEN. STAT. §153A-103(1); and Clark v. Burke County, 117 N.C.App. 85, 89 (1994)). Dismissal without prejudice could be had on this basis as well.

Robinson commenced this action in November 2009 alleging discrimination based upon race and sex or gender in violation of Title VII of the Civil Rights Act of 1964, as amended. *See* 42 U.S.C. §2000e, *et seq*. The only pertinent factual allegations within the Complaint are that "A white male had the same allegation" and "A white female reported a white male of sexually[sic] harrassment and nothing happen[ed]." (Compl. ¶¶D,1a(1) and (2)).

Iredell County filed its Answer on January 8, 2010, asserting multiple affirmative defenses including immunity (legislative, governmental, sovereign, good faith, public officers, and qualified immunity), that neither "Iredell County Sheriff's Department" nor the "Iredell County Sheriff's Office" are entities capable of being sued, insufficient process and / or insufficient service of process, and lack of personal jurisdiction. (Document #5) Iredell County never moved for dismissal or submitted a memorandum of law in support of its affirmative defenses.[2]

Iredell County moved for summary judgment on January 18, 2011. Robinson responded on February 2, 2011. The undersigned issued a Roseboro Notice to Plaintiff on October 17, 2011.[3] (Document #13) On November 7, 2011, Plaintiff submitted a letter indicating that he "would like to let [his] case be heard" and his wish for a "chance for someone to hear [his] side of the story." (Document #15)

Plaintiff received a "right-to-sue" letter from the Equal Employment Opportunity Commission ("EEOC") dated September 3, 2009, and, therefore, has exhausted his administrative remedies for purposes of Title VII. (Document #1 at 7). This matter is now ripe for disposition by

---

[2] Presumably, Iredell County elected to pursue dismissal *with prejudice* on the merits.

[3] Roseboro v. Garrison, 528 F.2d 309 (4th Cir.1975).

the Court.

**II.**

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242 (1986); Celotex Corp. v. Catrett, 477 U.S. 317 (1986). A genuine issue exists only if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson, 477 U.S. at 248. In conducting its analysis, the Court views the evidence in the light most favorable to the non-moving party. Celotex Corp., 477 U.S. at 325.

"One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses ...." Celotex Corp., 477 U.S. at 323-324 (Rule 56 does not require that the moving party support its motion with affidavits negating the opponent's claims); *See also* Cray Comm'ns, Inc. v. Novatel Computer Syss., Inc., 33 F.3d 390, 393-395 (4th Cir. 1994).

**III.**

As an initial matter, Plaintiff Robinson has abandoned any discrimination claim based upon sex or gender.[4] (Robinson Dep. 33-36). Thus, only Robinson's claim of racial discrimination remains.

---

[4] Robinson may have believed it appropriate to indicate "Sex" as a basis for his lawsuit in light of the sexual harassment accusations / complaints lodged against him by female deputy co-workers.

Title VII makes it "an unlawful employment practice for an employer . . . to discharge . . . or otherwise to discriminate against any individual with respect to [his] compensation, terms, conditions, or privileges of employment, because of such individual's race. . . ." 42 U.S.C. §2000e-2(a)(1). Under Title VII, a plaintiff may defeat summary judgment and establish a claim of intentional discrimination through one of two avenues of proof. *See* Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 318 (4th Cir. 2005) (*citing* Hill v. Lockheed Martin Logistics Mgt., Inc., 354 F.3d 277, 284 (4th Cir. 2004) (*en banc*)). "A plaintiff can survive a motion for summary judgment by presenting direct or circumstantial evidence that raises a genuine issue of material fact as to whether an impermissible factor such as race motivated the employer's adverse employment decision . . . Alternatively, a plaintiff may proceed under [the *McDonnell Douglas*[5]] "pretext" framework, under which the employee, after establishing a prima facie case[6] of discrimination, demonstrates that the employer's proffered permissible reason for taking an adverse employment action is actually a pretext for discrimination." Id. (*quoting* Hill, 354 F.3d at 285.))

"Regardless of the type of evidence offered as support for [a] discrimination claim (direct, circumstantial, or evidence of pretext), or whether [the Plaintiff] proceeds under a mixed motive or

---

[5] McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).

[6] As a general rule, in order to establish a prima facie case of disparate treatment based upon race under Title VII, McDonald Douglas, and its progeny, Plaintiff must demonstrate: (1) that he is a member of a protected class; (2) that he suffered from an adverse employment action; (3) that at the time the employer took the adverse employment action he was performing at a level that met his employer's legitimate expectations, and (4) that the position was filled by a similarly-qualified applicant outside the protected class. *See* Hill v. Lockheed Martin Logistics Mgt., Inc., 354 F.3d 277, 285 (4th Cir. 2004); Brinkley v. Harbour Recreation Club, 180 F.3d 598, 607 (4th Cir.1999), *overruled on other grounds by* Desert Palace, Inc. v. Costa, 539 U.S. 90 (2003); *But see* Miles v. Dell, Inc., 429 F.3d 480, (4th Cir.2005) (holding that in appropriate cases, a Title VII plaintiff can make out a prima facie case without showing that the position was ultimately filled by someone not a member of the protected class).

single motive theory, [t]he ultimate question in every employment discrimination case involving a claim of disparate treatment is whether the plaintiff was the victim of intentional discrimination." Hill, 354 F.3d at 286 (*quoting* Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 153 (2000)).

Here, Plaintiff Robinson fails to allege sufficient facts, or provide sufficient evidence tending to show that he was the victim of intentional discrimination or that race played any role in Defendant's decision to terminate his employment. The material facts surrounding Robinson's discharge are not in dispute. Sheriff Phillip H. Redmond avers that he "became aware of multiple complaints that Mr. Robinson was making inappropriate comments to female employees" and that he "made the decision to terminate Mr. Robinson." (Redmond Aff. ¶¶4,5) Plaintiff admits to the underlying conduct yet maintains that the challenged interactions between Plaintiff and his female co-workers were consensual. Incredibly, Plaintiff contends that his actions did not constitute sexual harassment and did not warrant termination. As explained by Michael Valentine, former Captain with the Iredell County Sheriff's Department, "Mr. Robinson's race did not affect the decision to terminate him in any manner. The Sheriff's Office cannot employ a deputy who has persisted in communicating to numerous female employees his desire to show them a picture of his penis." (Valentine Aff., ¶5). In either case, Plaintiff Robinson's conduct was deemed unacceptable to his employer, Sheriff Redmond, and he was let go as a result. (Document 10-1 / Exh. A) (explaining that under North Carolina law, Robinson's employment was "at the pleasure" of the Sheriff).

Viewing the evidence in the light most favorable to Plaintiff, the only purported evidence (or claim) of disparate treatment is Plaintiff's second-hand knowledge of another incident involving a white male (Brian Rector) allegedly engaging in similar inappropriate conduct – namely, an obscene

gesture being made to a female employee in the control room that drew no action from Defendant. (Robinson Dep. 33-35). According to Robinson, the incident was reported to "the sergeant" but the white male deputy was not disciplined. (Robinson Dep. 33-34). Robinson claims to have learned of the incident from a friend but concedes he never spoke with any of the individuals allegedly involved. (Robinson Dep. 33-35). Plaintiff also fails to provide any documentary evidence of a formal complaint being made against Rector or any evidence tending to show that Iredell County was ever made aware of such an incident. In contrast to Plaintiff's conclusory allegation, retired Captain Michael Valentine, avers that he was personally aware of an incident involving a Corporal (Caucasion male) that <u>was</u> dismissed by the Sheriff as a result of a female employee's complaint of an inappropriate comment. (Valentine Aff., ¶6). Valentine's experience is consistent with Sheriff Redmond's assertion that race has no bearing on the discipline imposed in response to conduct of this nature. (Redmond Aff. ¶7)

In sum, Plaintiff is unable to demonstrate that at the time of his termination from employment he was performing at a level that met his employer's legitimate expectations.[7] Because the only record evidence establishes that Robinson's job performance was deemed less than satisfactory by Sheriff Redmond, Robinson fails to establish a prima facie case of racial discrimination under the *McDonnell-Douglas* framework.[8] More importantly, because there is no probative evidence of intentional discrimination, no evidence indicative of racial animus, and nothing in the record to rebut

---

[7] The first two criteria are met in that Plaintiff Robinson is African-American and he was discharged from employment with the Iredell County Sheriff's Department. As for the fourth criteria, there is no evidence in the record concerning Robinson's replacement.

[8] Given this record, Robinson's unsupported allegation does not create a genuine issue of material fact.

the stated legitimate non-discriminatory reason for Defendant's employment decision or to indicate the stated reason for discharge is pretextual, no reasonable jury could conclude that race was a motivating factor in the Sheriff's decision to fire Robinson.

Plaintiff Robinson bears the ultimate burden of proving that the employer engaged in intentional discrimination. *See* <u>Texas Dept. of Cmty. Affairs v. Burdine</u>, 450 U.S. 248, 252–53 (1981) (*internal citation omitted*). Robinson cannot rest upon mere allegations and expect to survive summary judgment. *See* Fed. R. Civ. P. 56(e). For these reasons, the Court finds that no genuine issue of material fact exists and that judgment as a matter of law in favor of Defendant is appropriate. Plaintiff's Complaint is <u>dismissed</u> <u>with</u> <u>prejudice</u>.

Signed: November 29, 2011

Richard L. Voorhees
United States District Judge